UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LADY ALEXANDRA BELALCAZAR ARCOS,

Petitioner,

v.

CORE CIVIC INC., et. al.,

Respondents.

No. 1:25-cv-01930-DC-DMC-HC

FINDINGS AND RECOMMENDATIONS

Petitioner, a former immigration detainee, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 along with a motion for temporary restraining order. See ECF Nos. 1 and 2.

Petitioner asserts she was initially detained on November 30, 2022, by Department of Homeland Security then released on parole on December 1, 2022. See ECF No. 1, pg. 6. On December 19, 2024, Petitioner claims she received notice to appear and was charged as inadmissible. See id. at 6. According to Petitioner, On May 30, 2025, she was served with a Notice of Hearing to appear for removal proceedings. See id. at 6. Petitioner asserts she submitted her application for asylum and her removal proceedings were scheduled for April 7, 2027. See id. at 7. During supervised release Petitioner claims she did not comply with all requirements, however this was due to technical problems or immigration officials changing her scheduled

meetings. See id. at 8. Petitioner asserts she was denied due process when she was re-detained on October 28, 2025, without notice or a pre-deprivation bond hearing. See id. at 22-23.

The District Judge ordered Respondents to show cause why the Court should not grant the motion for temporary restraining order and specifically directed Respondents to address whether there were any factual or legal issues in this case that rendered it distinguishable from the Court's prior orders in Labrador-Prato v. Noem, et al., 1:25-cv-01598-DC-SCR, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025), Selis Tinoco v. Noem, et al., 1:25-cv-01762-DC-JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025), and other similar cases previously decided. See ECF No. 5. The Court granted Petitioner's motion for temporary restraining order because "Respondents concede that this case is not substantively distinguishable" from those previously decided by this court, then ordered Respondents to show cause why a preliminary injunction should not issue on the same terms. See ECF No. 9. The Court ordered:

> (1) Petitioner Lady Alexandra Belalcazar Arcos shall be released immediately from the Respondents custody;
>
> (2) Respondents shall not impose any additional restriction on her, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing; and
>
> (3) If the Government seeks to re-detain Petitioner, it must provide no less than 7 days notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to 8 U.S.C. § 1226(a) and its implementing regulations, at which Petitioners eligibility for bond must be considered
>
> ECF No. 9.

On December 29, 2025, the Court converted the motion for temporary restraining order into a motion for preliminary injunction and granted the motion because Respondents "oppose[d] issuance of [the] Preliminary Injunction on the same grounds set forth in their Opposition." See ECF No. 11. In ordering the preliminary injunction, the Court found that Petitioner established a likelihood of success on the merits of her due process claim. See id. Specifically, the Court found that "Petitioner has sufficiently shown that all four Winter factors weigh in favor of granting injunctive relief." Id. The Court issued a preliminary injunction on the same terms as the temporary restraining order, and the matter was referred to the undersigned for further proceedings. See id.

The undersigned has evaluated the petition, the parties' arguments, and the record in this case. The Court finds, for the reasons addressed in the District Judge's order, ECF No. 11, and in other cases, see Mariagua v. Chestnut, No. 1:25-cv-01744-DJC-CSK, that Petitioner's re-detention without notice or a pre-deprivation bond hearing violated the Due Process Clause of the Fifth Amendment. Therefore, the undersigned will recommend the petition be granted.

Based on the foregoing, the undersigned RECOMMENDS that the petition for writ of habeas corpus, ECF No. 1, be GRANTED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). Thus, within 7 days after being served with these findings and recommendations, any party may file written objections with the Court. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 24, 2026



DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE